UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CONNIE BROWN

VERSUS

WAL-MART ASSOCIATES, INC., ET AL

CIVIL ACTION

NUMBER 10-63-SCR

## **RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is a Motion to Compel Discovery filed by plaintiff Connie Brown. Record document number 25. The motion is opposed.[1]

On April 7, 2010, the plaintiff propounded a Second Set of Interrogatories and Request for Production of Documents to the defendants.[2] Interrogatory No. 2 requested a description of the name, manufacturer, type of flooring, date of purchase, and date of installation of the flooring on the shampoo aisle where the plaintiff fell. Plaintiff also sought documentation pertaining to the defendants' response to this interrogatory. Defendants provided written responses to these discovery requests on October 25, 2010.[3] Plaintiff argued that the defendants' responses were deficient, specifically failing to include: (1) receipts or invoices for the flooring; (2) documents showing when the flooring

---

[1] Record document number 26.

[2] Record document number 25-2, exhibits A and B.

[3] *Id.*, exhibit C.

was purchased and installed, and by whom; and (3) documents demonstrating that the flooring described in such documents is the same flooring on the aisle where the plaintiff fell.

Defendants asserted that additional written responses identifying the manufacturer of the floor and the installation date were provided on December 13, 2010.[4] Defendants confirmed that the documents previously produced to the plaintiff refer to the flooring involved in the incident at issue. Defendants also noted that they could not determine the date the flooring was purchased and they were not in possession of any invoices, purchase orders, etc. pertaining to such flooring.

Plaintiff did not contest the sufficiency of the supplemental response provided on December 13, 2010. Thus, the record establishes that the plaintiff's motion is moot as to the defendants' production of supplemental responsive information.

Under Rule 37(a)(5)(A), if the requested discovery is provided after the motion to compel was filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially

---

[4] Record document number 26-1, exhibit A.

justified, or that other circumstances make an award of expenses unjust.

The record shows that counsel for both parties discussed this discovery issue pursuant to Rule 37(a)(1) and at a telephone status conference held on October 21, 2010.[5] Defendants' continued failure to provide sufficient responses demonstrates that the plaintiff is entitled to reasonable expenses under this rule.[6] Nothing was filed in the record to demonstrate the amount of attorneys' fees incurred. A review of the motion and memorandum supports the conclusion that an award of $250.00 is reasonable.

Accordingly, the Motion to Compel Discovery filed by plaintiff Connie Brown is denied, in part, as moot. Pursuant to Rule 37(a)(5)(A), the defendants are ordered to pay to the plaintiff, within 14 days, reasonable expenses in the amount of $250.00.

Baton Rouge, Louisiana, December 21, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] Record document number 24.

[6] These same facts show that the defendants' actions are not substantially justified and that there are no circumstances which would make an award of expenses unjust.

3